United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| TWENEBOAH EMMANUEL KODUAH | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-1309 |
| | § | |
| ASSISTANT FIELD DIRECTOR RIO GRANDE PROCESSING CENTER *et al.* | § | |
| | § | |

**ORDER**

Respondents advised they intended to deport Petitioner pursuant to a final order of removal (*see* Dkt. Nos. 11 at 1; 13 at 1). If Petitioner has been removed, this habeas action, challenging his prolonged immigration-related detention, is moot. *See, e.g.*, *Francis v. Lynch*, 622 F. App'x 455, 455 (5th Cir. 2015); *Rubio Tercero v. Patterson*, No. 6:26-CV-02495 SEC P, 2026 WL 2175616, at *1 (W.D. La. July 28, 2026).

"If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008) (citing *In re Scruggs,* 392 F.3d 124, 128 (5th Cir. 2004)). A court must dismiss an action if it "determines at any time that it lacks subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

Respondents are **ORDERED** to file an advisory confirming whether Petitioner has been removed no later than **November 20, 2026**. If Petitioner has been removed, the Court will promptly dismiss this case for lack of subject matter jurisdiction.

It is so **ORDERED**.

**SIGNED** November 10, 2026.

Marina Garcia Marmolejo
United States District Judge