United States District Court
Southern District of Texas
**ENTERED**
November 12, 2026
Nathan Ochsner, Clerk

1UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| TWENEBOAH EMMANUEL KODUAH | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-1309 |
| | § | |
| ASSISTANT FIELD DIRECTOR RIO GRANDE PROCESSING CENTER *et al.* | § | |
| | § | |

**ORDER**

Respondents filed an advisory informing the Court that Petitioner was removed from the United States on August 18, 2026 (Dkt. No. 18). This renders Petitioner's Petition for Writ of Habeas Corpus moot.

A court must dismiss an action if it "determines at any time that it lacks subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "Mootness is 'the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008) (quoting *Ctr. for Individual Freedom v. Carmouche,* 449 F.3d 655, 661 (5th Cir. 2006)). "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Id.* (citing *In re Scruggs,* 392 F.3d 124, 128 (5th Cir. 2004)).

In the immigration context, a constitutional challenge to the length of pre-removal detention is mooted by an undocumented alien's removal from the United States. *Francis v. Lynch*, 622 F. App'x 455, 455 (5th Cir. 2015); *Odus v. Ashcroft*, 61 F. App'x 121, 121 (5th Cir. 2003) (unpublished table decision); *Rubio Tercero v. Patterson*, No. 6:26-CV-02495 SEC P, 2026 WL 2175616, at *1 (W.D. La. July 28, 2026). That is the exact scenario

as present here. Petitioner could only properly contest the length of his detention in habeas, not his underlying removal order or any other collateral claims. *See Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) ("[S]imply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."); *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 483 (5th Cir. 2020) (rejecting "collateral consequences" in the immigration habeas context). As Petitioner "is no longer detained and has been removed from the United States, his challenge is now moot." *Francis*, 622 F. App'x at 455.

Petitioner's Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See Rubio Tercero*, 2026 WL 2175616, at *1. Any and all pending motions (Dkt. No. 13) are **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action.

It is so **ORDERED**.

**SIGNED** November 12, 2026.

Marina Garcia Marmolejo
United States District Judge